IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:19CV00323 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| $14,851.48 in U.S. CURRENCY, | : | |
| Defendant. | : | |

## **VERIFIED COMPLAINT OF FORFEITURE**

NOW COMES Plaintiff, the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and respectfully states as follows:

1. This is a civil action *in rem* brought to enforce the provisions of 21 U.S.C. § 881(a)(6) for the forfeiture of the defendant property, which was furnished or intended to be furnished in exchange for a controlled substance, in violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 *et seq.*, or represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate violation of the Controlled Substances Act.

2. This action is also brought to enforce the provisions of 18 U.S.C. § 981(a)(1)(C) for the forfeiture of the aforesaid defendant property which constitutes or was derived from proceeds traceable to an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense, specifically the exchange of a controlled substance in violation of state or federal law.

3. The defendant property is $14,851.48 in U.S. Currency, which was seized on October 2, 2018, in Elon, North Carolina, while located within the jurisdiction of this Court, and has been deposited to the U.S. Customs and Border Protection Customs Suspense Account.

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1355(b)(1) and 1395, because the defendant property was seized while located in the jurisdiction of this Court, or one or more of the acts giving rise to forfeiture occurred in this district.

6. Upon the filing of this complaint, Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which Plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. The facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A, attached hereto and wholly incorporated herein by reference.

WHEREFORE, the United States of America prays that process of a Warrant for Arrest and Notice *In Rem* be issued for the arrest of the defendant property; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be

granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

This the 22nd day of March, 2019.

>Respectfully submitted,
>
>MATTHEW G.T. MARTIN
>United States Attorney
>
>/s/ Lynne P. Klauer
>Lynne P. Klauer
>Assistant United States Attorney
>NCSB #13815
>101 S. Edgeworth Street, 4th Floor
>Greensboro, NC 27401
>Phone: (336) 333-5351
>Email: lynne.klauer@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America, that the contents of the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

Cory E. Brant
Special Agent
U.S. Immigration and Customs Enforcement
Homeland Security Investigations

# DECLARATION

I, Cory E. Brant, having been duly sworn, do hereby depose and state:

1. I am a Special Agent (SA) of the Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and have been so employed for approximately 17 years. I am currently assigned to the HSI Winston-Salem, North Carolina, Resident Agent in Charge Office where I have been involved in the prosecution and investigation of numerous violations of Titles 8, 18, 19, 21 and 31 of the United States Code (U.S.C.). Prior to reporting for assignment, I attended training at the Federal Law Enforcement Training Center (FLETC) in Brunswick, Georgia, where I received instruction in Federal criminal statutes, search, seizure and arrest authority, and many other facets of federal law enforcement.

2. This Declaration is made in support of a Verified Complaint for Forfeiture of $14,851.48 in U.S. Currency seized from Rasheid Dewayne PUREFOY in Elon, North Carolina on October 2, 2018.

3. The facts and circumstances set forth in this declaration are based upon the declarant's personal knowledge of the investigation as well as information provided to me by other law enforcement officers involved in this investigation.

4. On October 2, 2018, at approximately 3:00 p.m., Elon Police Department Officers B. Wheeler and B. Brenner conducted a "knock and talk" at 1291 Elon Crossing Drive, Elon, North Carolina, in reference to a complaint about the strong odor of marijuana coming from the residence. As officers approached the driveway, they observed an open

1

GOVERNMENT EXHIBIT A

window on the south side of the residence. Both officers could smell a strong odor of marijuana emitting from inside the residence.

5. Officers knocked on the front door of the residence and made contact with Moesha Hydia Long, later identified as the owner of the residence. Officers explained the nature of the complaint to Ms. Long and advised her that they could smell a strong odor of marijuana coming from inside the residence. Officer Wheeler explained to Ms. Long that the complaint and odor of marijuana could be handled in one of two ways: first, Ms. Long could consent to search the residence; or second, Ms. Long could deny consent and officers would "lock down" (secure) the residence and apply for a search warrant. Ms. Long stated that she wanted to speak with her boyfriend, later identified as Rasheid Dewayne PUREFOY, before letting officers inside the residence. Since officers could smell marijuana coming from inside the residence, they escorted Ms. Long inside and allowed her to speak with PUREFOY.

6. Once inside, Officer Wheeler explained the nature of the complaint to PUREFOY and the options that were currently available to handle the complaint and smell of marijuana coming from inside the residence. PUREFOY advised the officers that he had been told by his attorney that he should always tell the police to get a search warrant. Because PUREFOY had requested that officers obtain a search warrant, officers identified the two remaining individuals inside the residence, Tiler D. Pinnix and Rodney B. Lloyd, Jr., and requested additional officers to respond and assist with watching the occupants while officers attempted to obtain a search warrant.

2

7. After securing the residence, Officers Wheeler and Brenner traveled to the Elon Police Department to complete a search warrant affidavit. After completing the affidavit, officers traveled to the Alamance County Magistrate's Office and met with Magistrate Judge David L. Crabbe, who found probable cause for the issuance of a search warrant authorizing the search of 1291 Elon Crossing Drive, Elon, NC, for evidence related to violations of North Carolina General Statute (NCGS) 90-95D4 (Possession of Marijuana). After obtaining the search warrant, Officers Wheeler and Brenner traveled back to the residence and executed the warrant.

8. As officers searched the closet of the spare bedroom, they discovered a glass bong and a duffel bag containing a large amount of marijuana in a vacuum sealed bag. A search of the master bedroom revealed PUREFOY's wallet, which contained a large amount of U.S. currency, and two shoe boxes containing a silver canister with marijuana, a butane lighter, a glass bong with marijuana residue, and a green metal grinder. Officers also discovered a Maverick 88 shotgun under the bed. A search of the kitchen and laundry room area of the residence revealed 95% THC vaping liquid, a large scale with marijuana residue on it, a glass bong, a vacuum sealer, Ziploc bags, and a backpack containing marijuana in a vacuum sealed bag. A search of the living room revealed another digital scale and marijuana on the television stand and inside an infant's pack-n-play crib. Officers also discovered marijuana shake and an ashtray containing marijuana shake in the floor vents of the residence. A search of PUREFOY's person revealed additional bulk U.S. currency. In total,

approximately 1.5 pounds of "high grade" marijuana and $14,851.48 in U.S. Currency were seized during the search.

9. At the conclusion of the search warrant, PUREFOY, Long, Lloyd, Jr., and Pinnix were arrested and charged under North Carolina state law with one count of violation of NCGS 90-95(A), Possession with Intent to Sell and Deliver Marijuana (Felony), one count of violation of NCGS 90-95(D)(4), Felony Possession of Marijuana (Felony), one count of violation of NCGS 90-108(A)(7), Maintaining a Vehicle or Dwelling as a Place of Controlled Substance (Felony), and one count of violation of NCGS 90-113.22A, Possession of Marijuana Paraphernalia (Misdemeanor).

10. PUREFOY was unemployed at the time of his arrest.

11. On October 2, 2018, HSI Task Force Officer (TFO) and Gibsonville Police Department Detective Travis Sykes, who assisted in the execution of the search warrant at 1291 Elon Crossing Drive, Elon, contacted your declarant and advised of the seizure of marijuana and U.S. currency. I advised TFO Sykes that due to his participation in the investigation, HSI would adopt the seizure and forfeiture of the U.S. currency. On November 29, 2018, TFO Sykes converted the U.S. currency to a cashier's check made payable to U.S. Customs and Border Protection. On December 6, 2018, your declarant took possession of the cashier's check and memorialized it under Seizure Number 2019150200002801. As of the writing of this declaration, the check is in the possession of U.S. Customs and Border Protection in Charlotte, North Carolina.

## **CONCLUSION**

12. Based on the foregoing, there is probable cause to believe that $14,851.48 in U.S. Currency seized from Rasheid Dewayne PUREFOY on October 2, 2018 was furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds

4

traceable to the exchange of a controlled substance, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C).

This the 22nd day of March, 2019.

_____
Cory E. Brant
Special Agent
U.S. Immigration and Customs Enforcement
Homeland Security Investigations